## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTIAN SERRANO-RAMIREZ,  :          Civil No. 1:20-cv-0070
                                                          :
      Petitioner,                          :
                                                          :
      v.                                        :
                                                          :
Warden CLAIR DOLL.,                     :
                                                          :
      Respondent.                       :          Judge Jennifer P. Wilson

### MEMORANDUM

#### PROCEDURAL BACKGROUND

On January 14, 2020, Petitioner, Cristian Arley Serrano-Ramirez, a detainee

of the United States Department of Homeland Security ("DHS"), Immigration and

Customs Enforcement ("ICE"), presently confined in the York county Prison,

York , Pennsylvania, filed the above captioned petition for writ of habeas corpus,

pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  He challenges the constitutionality of his

continued detention pending removal from the United States and seeks an

individualized bond hearing.  (*Id.*)

Following an order to show cause, Doc. 9, Respondent filed a response on

April 21, 2020.  (Doc. 10.)  Although provided an opportunity, Serrano-Ramirez

has filed neither a reply, nor a motion seeking an extension of time to do so.

Accordingly, the petition is ripe for disposition.  For the reasons that follow, the

court will deny the petition without prejudice.

### FACTUAL BACKGROUND

On April 4, 2019, Serrano-Ramirez, a national and citizen of Venezuela, and

a citizen of Colombia, applied for admission into the United States from Mexico at

the Del Rio Port of Entry, claiming asylum.  (Doc. 10-1 at 3, Record of

Deportable/Inadmissible Alien.)  He expressed a fear of return to Venezuela.  (*Id*.)

By Notice to Appear dated May 8, 2019, ICE placed Serrano-Ramirez into

removal proceedings, charging him as inadmissible under Section

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), as an immigrant

without proper entry documentation.  (Doc. 10-1 at 7.)   On May 14, 2019, ICE

determined that Serrano-Ramirez would remain detained. (Doc. 10-1 at 9, Custody

Determination.

On July 10, 2019, an immigration judge denied Serrano-Ramirez's

applications for asylum, withholding of removal, and for deferral of removal under

the Convention Against Torture ("CAT"), to Columbia.  (Doc. 10-1 at 11,

Removal Order.)  The Petitioner's application for deferral of removal under CAT

to Venezuela was granted, and he was ordered removed to Columbia.  (*Id*.)

On August 12, 2019, an appeal to the Board of Immigration ("BIA") was

filed by both the DHS and Serrano-Ramirez.  (Doc. 10-1 at 23, Filing Receipt for

Appeal.)  On February 5, 2020, the BIA remanded the case to the immigration

judge for further consideration of Serrano-Ramirez's application for deferral of

removal to Colombia under the CAT.  (Doc. 10-1 at 25, BIA Remand Decision.)

On March 13, 2020, a merit hearing was held on Serrano Ramirez's application for

deferral of removal to Colombia.  (Doc. 10-1 at 29, Hearing Notice). A decision

has not yet been issued.

Serrano-Ramirez filed the instant petition for writ of habeas corpus, claiming

that his ICE detention for approximately twelve months, without a bond hearing,

violates his due process rights.  (Doc. 1.)

## DISCUSSION

Under 8 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief

only if he "is in custody in violation of the Constitution or laws or treaties of the

United States."  *See* 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S.

488, 490 (1989).  Because Petitioner is currently detained within the jurisdiction of

this Court and asserts that his continued detention violates due process, this Court

has jurisdiction over his § 2241 petition.  *See Zadvydas v. Davis*, 533 U.S. 678, 699

(2001).

Immigration officials are required to inspect arriving aliens before granting

admission to the United States.  *See* 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(3).  If the

alien lacks valid entry documentation, he or she is deemed inadmissible.  *Id*. at §

1182(a)(7)(A)(i)(I). If at the time of arrival, the alien expresses an intent to apply for asylum, he or she receives an interview with an asylum officer to assess whether there exists a credible fear of persecution if he or she returns to their home country. *Id.* at § 1225(b)(1)(A)(i); *cf. id.* at § 1225(c)(1); *id.* § 1225(b)(1)(A)(ii), (B)(i). If the asylum officer concludes that the alien has a credible fear of persecution, the alien is referred to removal proceedings under 8 U.S.C. § 1229(a), to allow an IJ to consider the asylum application. 8 C.F.R. § 208.30(f); *see* 8 U.S.C. §§ 1229a; 1225(b)(1)(B)(ii). The alien remains detained under § 1225(b) during the pendency of those proceedings. *See Rades-Suarez v. Doll*, No. 1:19-CV-1946, 2020 WL 362696, at *1 (M.D. Pa. Jan. 22, 2020); *Pulatov v. Lowe*, No. 1:18-cv-934, 2019 WL 2643076, at *2 (M.D. Pa. June 27, 2019); *Ahmed v. Lowe*, No. 3:16-cv-2082, 2017 WL 2374078, at *2-3 (M.D. Pa. May 31, 2017).

Title 8 U.S.C. § 1182(d)(5)(A) is the only statute that permits an alien's release from § 1225(b) custody. The statute provides that an alien may be paroled into the United States if the Attorney General determines "on a case-by-case basis" that "urgent humanitarian reasons or significant public benefit" warrant the release. *Id.* Decisions under § 1182 are purely discretionary and the regulations prevent an IJ from "redetermin[ing] conditions of custody" with respect to certain classes of aliens, including "[a]rriving aliens in removal proceedings, including aliens

paroled after arrival pursuant to section 212(d)(5) of the Act."  8 C.F.R. §

1003.19(h)(2)(i)(B).

Upon presentation for admission to the United States, Petitioner was

immediately detained and classified as an "arriving alien."  *See* 8 C.F.R. §

1001.1(q) ("The term arriving alien means an applicant for admission coming or

attempting to come into the United States at a port-of-entry.").  Because he was

never admitted into the United States, he is an inadmissible arriving alien and his

detention is controlled by § 1225(b).  There is no statutory entitlement to bond

hearings under § 1225(b).  In *Jennings v. Rodriguez*, ––– U.S. –––, 138 S.Ct. 830,

200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit's holding

that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to

bond hearings every six months. *Id*. at 842. The *Jennings* Court reasoned:

> § 1225(b) applies primarily to aliens seeking entry into the United States ("applicants for admission" in the language of the statute). Section 1225(b) divides these applicants into two categories. First, certain aliens claiming a credible fear of persecution under § 1225(b)(1) "shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). Second, aliens falling within the scope of § 1225(b)(2) "shall be detained for a [removal] proceeding." § 1225(b)(2)(A).
> Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," and § 1225(b)(2) aliens are in turn detained for "[removal] proceeding[s]." Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.

*Id.* at 842.  The court concluded that both §§ 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances.  As a result, neither provision can reasonably be read to limit detention to six months." *Id.* at 844.

Petitioner's remand from his BIA appeal is presently pending before the IJ. He is therefore subject to mandatory detention.  *Id.* at 844 ("Section 1225(b)(1) mandates detention 'for further consideration of the application for asylum,' § 1225(b)(1)(B)(ii), and § 1225(b)(2) requires detention 'for a [removal] proceeding,' § 1225(b)(2)(A).  The plain meaning of those phrases is that detention must continue until immigration officers have finished 'consider[ing]' the application for asylum, § 1225(b)(1)(B)(ii), or until removal proceedings have concluded, § 1225(b)(2)(A).").  Thus, based upon the Supreme Court's holding in *Jennings*, we are compelled to conclude that Petitioner's detention under 8 U.S.C. § 1225(b) does not statutorily entitle him to a bond hearing pending his asylum proceedings.  *Id.* at 842.

However, after *Jennings*, several district courts have considered the issue of arriving aliens detained for unreasonably prolonged periods of time under Section 1225(b) in the due process context.  *See, e.g. Pulatov v. Lowe*, No. 1:18-cv-0934, 2019 WL 2643076 (M.D. Pa. June 27, 2019); *Destine v. Doll*, No. 3:17-cv-1340, 2018 WL 3584695 (M.D. Pa. July 26, 2018) (finding that arriving aliens have Due

Process rights and that a twenty-one month period of detention pursuant to §

1225(b) was unreasonable, and ordering an individualized bond hearing); *Fatule-*

*Roque v. Lowe*, No. 3:17-cv-1981, 2018 WL 3584696, at *6 (M.D. Pa. July 26,

2018) (determining that § 1225(b) detainees enjoy basic due process rights, but

concluding that petitioner's detention was not so unduly prolonged that it rendered

§ 1225(b) unconstitutional as applied to him); *Lett v. Decker*, 346 F.Supp.3d 379

(S.D.N.Y. Oct. 10, 2018) (concluding that arriving aliens have Due Process rights

and that a nearly ten month period of detention pursuant to § 1225(b) was

unreasonable, and ordering an individualized bond hearing). The court agrees with

the weight of authority finding that arriving aliens, detained pre-removal pursuant

to § 1225(b) have a due process right to an individualized bond consideration once

it is determined that the duration of their detention has become unreasonable. *Singh*

*v. Sabol*, No. 1:16-cv-2246, 2017 WL 1541847 (M.D. Pa. Apr. 28, 2017); *see also*

*Otis V. v. Green*, No. 18-742 (JLL), 2018 WL 3302997 at *6-8 (D.N.J. July 5,

2018).

    In the matter *sub judice*, Petitioner has been detained since April 4, 2019,

just a little over year.  This court and others have previously determined that

arriving aliens who have been subject to detention under § 1225(b) for longer

periods of time were not entitled to bond hearings because their detention had not

yet reached the point of being arbitrary or unreasonable.  *See Fatule-Roque*, 2018

WL 3584696, at *6 (concerning a fifteen-month period of detention); *Otis V.*, 2018

WL 3302997, at *8 (addressing detention for a period of just over a year). These

cases compel the court to conclude that the Petitioner's detention of slightly over

one year under § 1225(b) "is not an unconstitutional application of the statute" at

present. *See Otis V.*, 2018 WL 3302997, at *8.  As such, he remains subject to

mandatory detention and is not entitled to a bond hearing at this time.

CONCLUSION

Based on the foregoing, Serrano-Ramirez's petition for writ of habeas

corpus, pursuant to 28 U.S.C. § 2241, will be denied without prejudice to his right

to file another petition should his detention under § 1225(b) become arbitrary or

unreasonable.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: May 26, 2020